IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD MAYNARD | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-1439-B |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Donald Maynard, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons stated herein, the application should be denied.

I.

Petitioner entered an open plea of guilty to the first-degree felony offense of aggravated sexual assault of a child.  After hearing evidence on punishment, the jury sentenced petitioner to life imprisonment and a $10,000 fine.  His conviction and sentence were affirmed on direct appeal. *Maynard v. State*, No. 08-03-00158-CR, 2005 WL 182689 (Tex. App.--El Paso, Jan. 27, 2005, pet. dism'd).  Petitioner also filed an application for state post-conviction relief.  The application was denied without written order. *Ex parte Maynard*, No. 64,387-01 (Tex. Crim. App. Sept. 13, 2006). Petitioner then filed this action in federal district court.

II.

Petitioner raises four broad issues in seven grounds for relief.  Succinctly stated, petitioner contends that: (1) he received ineffective assistance of counsel in connection with his guilty plea and

at the punishment hearing; (2) the police entered his apartment without consent or a valid search warrant; (3) he was not advised of his *Miranda* rights at the time of his arrest; and (4) the trial court improperly admitted transcripts and audiotapes of a telephone conversation between petitioner and one of the victims.

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 120 S.Ct. at 1523; *see also Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004). Stated differently, "a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'"

*Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), *quoting*

*Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference

to state court findings unless they are "based on an unreasonable determination of the facts in light

of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363

(5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000).  The resolution of factual issues by the state court is

presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear

and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1).

B.

As part of his ineffective assistance of counsel claim, petitioner alleges that his guilty plea

was induced by "erroneous and misleading information that he was eligible for shock probation."

(Hab. Pet., Attach.).  This argument implicates the validity of petitioner's guilty plea and must be

considered at the outset.

1.

A trial judge is required to ensure that a guilty plea is knowing and voluntary.  *See James v.*

*Cain,* 56 F.3d 662, 666 (5th Cir. 1995).  The defendant must have "a full understanding of what the

plea connotes and of its consequence." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991), *cert.*

*denied*, 112 S.Ct. 1678 (1992), *quoting Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 1712,

23 L.Ed.2d 274 (1969).  This constitutional inquiry focuses on three core concerns:  (1) the absence

of coercion; (2) an understanding of the charges; and (3) a realistic understanding of the

consequences of the guilty plea.  *United States v. Bernal,* 861 F.2d 434, 436 (5th Cir. 1988), *cert.*

*denied*, 110 S.Ct. 203 (1989).  These core concerns are addressed by the admonishments contained

in Tex. Code Crim. Proc. Ann. art. 26.13.  *See Montemayor v. Valdez*, No. 3-06-CV-0012-K, 2006

WL 740743 at *2 (N.D. Tex. Mar. 14, 2006) (Kaplan, J.), *rec. adopted*, 2006 WL 1348734 (N.D. Tex. May 17, 2006), *citing* TEX. CODE CRIM. PROC. ANN. art 26.13 (Vernon Supp. 2005).[1]

2.

Petitioner was charged by indictment with aggravated sexual assault of a child under 14 years of age, a first-degree felony.  (St. App. Tr. at 02).  Rather than challenge the overwhelming evidence against him, including his own confession admitting to oral sexual contact with a pre-teenage boy, petitioner elected to plead guilty and ask the jury for probation.[2]  Before accepting his plea, the trial judge advised petitioner that the range of punishment for the offense was not less than five years nor more than 99 years or life imprisonment and a $10,000 fine.  (SF-II at 46).  Petitioner testified that he understood the punishment range.  (*Id.* at 47).  The judge also informed petitioner that he was eligible for probation, having never before been convicted of a felony.  Upon further questioning by the court, petitioner once again stated that he understood the range of punishment upon conviction was "a minimum of probation all the way up to a life sentence."  (*Id.*).  After the jury was selected and petitioner was arraigned in open court, the trial court asked petitioner to enter a plea.  Petitioner pled guilty.  The judge accepted this plea, finding it "freely and voluntarily made."  (*Id.* at 167).

Petitioner did not challenge his guilty plea on direct appeal.  However, on state collateral review, petitioner argued that his plea was the result of ineffective assistance of counsel.  In rejecting this claim, the state habeas court found:

---

[1] The Fifth Circuit has held that the admonishments under Fed. R. Crim. P. 11 provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas."  *United States v. Gracia*, 983 F.2d 625, 627 (5th Cir. 1993).  The requirements of Rule 11 and article 26.13 are substantially similar.  *Compare* FED. R. CRIM. P. 11 *and* TEX. CODE CRIM. PROC. ANN. art 26.13.  It therefore follows that the same "prophylactic protections" attach to the admonishments under article 26.13.  *See Jamme v. Cockrell*, No. 3-01-CV-1370-L, 2002 WL 1878403 at *5 n.4 (N.D. Tex. Aug. 12, 2002) (Kaplan, J.).

[2] Under Texas law, a judge cannot order probation if the defendant is convicted of aggravated sexual assault of a child.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1) (Vernon 2006).  Only a jury can recommend probation in such cases.  *Id.*, art. 42.12, § 4.

> Applicant's plea of guilty . . . was accepted by this Court after this Court thoroughly and properly admonished Applicant as to the meaning and consequences of said plea. This Court would not have accepted said plea had this Court not been convinced that Applicant knew and understood the consequences of said plea. Applicant's plea was made and accepted in accordance with the requirements of Article 26.13, V.A.C.C.P. . . . Applicant's plea of guilty was knowingly and voluntarily entered.

(St. Hab. Tr. at 003-04, ¶ 1). Petitioner does not argue, much less prove, that he pled guilty without full knowledge of the nature of the charges, the range of punishment, and a realistic understanding of the consequences of his plea. Rather, his only argument is that his plea was induced by "erroneous and misleading information" that he was eligible for probation. However, there was nothing erroneous or misleading about this legal advice. Because petitioner had no prior criminal record, he *was* eligible for probation if sentenced to a term of imprisonment of 10 years or less. *See* TEX. CODE CRIM. PROC. ANN. 42.12, § 4(d)(1) & (e) (Vernon 2006). This ground for relief is without merit and should be overruled.

## C.

Having determined that petitioner's guilty plea is valid, any claims based on events that occurred prior to entry of his plea are not subject to federal habeas review. A voluntary guilty plea waives all non-jurisdictional defects in a criminal proceeding. *See Tollett v. Henderson*, 411 U.S. 258, 265, 93 S.Ct. 1602, 1607, 36 L.Ed.2d 235 (1973). This includes claims alleging *Miranda* and Fourth Amendment violations,[3] *see United States v. Williams*, 61 Fed.Appx. 120, 2003 WL 342277 at *1 (5th Cir. Jan. 29, 2003), and instances of ineffective assistance of counsel that do not implicate the validity of the plea itself, *see United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir.), *cert. denied*, 121 S.Ct. 282 (2000). Those claims should be summarily dismissed.

---

[3] Petitioner's illegal search and seizure claim is also barred by the rule in *Stone v. Powell*, 428 U.S. 465, 493-95, 96 S.Ct. 3037, 3052-53, 49 L.Ed.2d 1067 (1976) (federal court may not grant habeas relief based on a Fourth Amendment violation where state has provided an opportunity for full and fair litigation of the issue).

D.

In four related grounds, petitioner contends that the trial court improperly admitted transcripts and audiotapes of a telephone conversation with one of the victims in violation his right to confrontation under the Sixth Amendment to the United States Constitution.

A defendant in a criminal case has a right "to be confronted with the witnesses against him." U.S. CONST. amend VI; *Cruz v. New York*, 481 U.S. 186, 189, 107 S.Ct. 1714, 1719, 95 L.Ed.2d 162 (1987). The primary purpose of this constitutional safeguard is to protect the defendant's right to cross-examination. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 52, 107 S.Ct. 989, 999, 94 L.Ed.2d 40 (1987). Where a witnesses testifies at trial and is subject to full and effective cross-examination, the admission of prior unsworn statements given by the witness, such as a video or audio recordings, does not violate the confrontation clause. *See Carson v. Collins*, 993 F.2d 461, 464 (5th Cir.), *cert. denied*, 114 S.Ct. 265 (1993), *citing United States v. Owens*, 484 U.S. 554, 560, 108 S.Ct. 838, 843, 98 L.Ed.2d 951 (1988). Such is the case here. At the punishment hearing, the state introduced a transcript and audiotape recording of a telephone conversation between petitioner and J.D., one of his victims, wherein petitioner apologized to the boy. (SF-III at 112, 114; St. Exhs. 17 & 18). However, J.D. also testified at trial and was extensively cross-examined by defense counsel. (*Id.* at 116-38). Under these circumstances, there was no confrontation clause violation.[4]

E.

Finally, petitioner criticizes his attorney for: (1) allowing him to testify at the punishment hearing; (2) not investigating the case or presenting any mitigating evidence; and (3) failing to challenge the testimony of J.D.

---

[4] To the extent petitioner contends that the admission of the transcripts and audiotapes violates Tex. R. Evid. 403, such a claim is not cognizable on federal habeas review. *See Jackson v. Johnson*, 194 F.3d 641, 656 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1437 (2000) (misapplication of state procedural rules is not cognizable in section 2254 proceeding unless the ruling was "so extreme as to result in a denial of a constitutionally fair [trial]").

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must establish prejudice. *See id.* at 2067. The *Strickland* standard is highly deferential to strategic choices made by trial counsel. "So long as counsel made an adequate investigation, any strategic decisions made as a result of that investigation fall within the wide range of objectively reasonable professional assistance." *Cotton v. Cockrell*, 343 F.3d 746, 752 (5th Cir. 2003), *cert. denied*, 121 S.Ct. 1417 (2004). A conscious and informed decision on trial tactics and strategy cannot form the basis of an ineffective assistance of counsel claim "unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Id.* at 753; *see also United States v. Jones*, 287 F.3d 325, 331 (5th Cir.), *cert. denied*, 123 S.Ct. 549 (2002).

2.

Petitioner blames his attorney for allowing him to testify at the punishment hearing. After the state rested its case-in-chief, petitioner took the stand and admitted to having oral sex and anal sex on multiple occasions with M.D., a 13 year-old boy. (SF-III at 194-95). He also admitted to having oral sex with J.D., but denied engaging in anal intercourse with him. (*Id.* at 192). At various times during his testimony, petitioner expressed remorse and described his conduct as "stupid," a "mistake," and "very wrong." (*Id.* at 195, 202). Petitioner, who was 61 years-old at the time of trial,

asked the jury to give him a chance to prove that "I'm not that kind and does that to children" by

placing him on probation.  (*Id.* at 205).  Defense counsel also asked the jury to consider probation

during his closing argument:

> He got up there and told you what he did.  He's eligible for probation,
> and that's to be considered.  You're entitled to consider that, for a ten-
> year sentence and have that probated.  He's sixty-one years old.  He
> has a place to live when he gets out of jail or out of the penitentiary.
> He has an opportunity to live with his sister and other family
> members.  He has an opportunity to be rehabilitated.  He indicated to
> you, it was wrong what he had done.
>
> * * * *
>
> I submit to you, you can consider giving him probation.  He's sixty-
> one years old.  I ask you to consider--the Court can admonish him
> and keep him in a community-based supervision program.
> Appropriate counseling, to get the help that he needs.  He got up here
> and testified.  You heard the way he talked.  You can like it or you
> don't have to like it.  It's not a nice case.  Never said it was.  I ask you
> to take all those things into consideration, when dealing with an
> appropriate verdict.  I pray that you will consider probation for Mr.
> Maynard.

(*Id.* at 231, 241).  Although the jury ultimately decided against probation and sentenced petitioner

to life imprisonment, that does not mean counsel was ineffective for pursuing that strategy.  To the

contrary, given petitioner's age and the overwhelming evidence against him, his only real chance to

avoid spending the rest of his life in prison was to accept responsibility for his actions and ask the

jury for leniency.  There was nothing objectively unreasonable about the performance of trial counsel

in this regard.  *See Gardner v. State*, 164 S.W.3d 393 (Tex. Crim. App. 2005) (decision to have

defendant plead guilty to aggravated sexual assault of a child and testify at punishment hearing was

part of a sound trial strategy to persuade the jury to grant probation).

Nor has petitioner demonstrated that his attorney was ineffective in any other respect.

Although petitioner criticizes defense counsel for not investigating the case or presenting any

mitigating evidence, he does not explain what further investigation should have been conducted or what mitigating evidence should have been presented.  His conclusory assertions are insufficient to merit habeas relief.  *See Chandler v. Quarterman*, No. 3-05-CV-1317-R, 2006 WL 3541558 at *11 (N.D. Tex. Nov. 7, 2006), *citing Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).  Likewise, the record fails to establish that the cross-examination of J.D. was constitutionally deficient.  Counsel extensively cross-examined this witness on a variety of subjects, including his testimony that petitioner had anal sex with him five to ten times.  (SF-III at 116-38).  The lack of any medical evidence corroborating J.D.'s testimony was also brought to the jury's attention during closing argument.  (*See id*. 233).  This ground for relief is without merit and should be overruled.

## <u>RECOMMENDATION</u>

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  February 5, 2007.



JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE